IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA LICENSE AND INSPECTION, et al. | CIVIL ACTION |
| | No. 20-1035 |
| v. | |
| CHARMAINE PRATER, et al. | |

## MEMORANDUM

**Juan R. Sánchez, C.J.**                                                               **March 4, 2020**

Charmaine Prater filed a pro se Notice of Removal and Motion to Proceed in forma pauperis. She attempts to remove her appeal of a decision made by the Philadelphia Department of License and Inspection Review and Board of Building Standards which she initiated in the Philadelphia Court of Common Pleas. The Court will grant Prater leave to proceed in forma pauperis because it appears that she is incapable of paying the fees to commence this civil action. The Court will nevertheless remand the cases to the Philadelphia Court of Common Pleas because the Court lacks jurisdiction over this cases removed by plaintiffs.

## FACTUAL ALLEGATIONS[1]

Prater's Notice of Removal is difficult to understand. She has attached numerous exhibits, which reflect administrative hearings concerning alleged code violations on a property she owns at 6003 Reinhard Street in Philadelphia.[2] It appears Prater was unsuccessful in agency proceedings and appealed an adverse decision or decisions of the City of Philadelphia Department of Licenses and Inspections and Board of Building Standards to the Philadelphia Court of Common Pleas. *See*

---

[1] The facts set forth in this Memorandum are taken from Prater's Notice of Removal and the attachments thereto.

[2] Prater recently filed a civil action relating to the same underlying subject matter, but her Complaint was dismissed at the screening stage. *See Prater v. City of Phila.*, Civ. A. No. 19-6218 (E.D. Pa.).

Notice of Removal 8, 16, ECF No. 2. The proceedings in the Court of Common Pleas, in which Prater is listed as the Appellant, were given case numbers of 20-2603 and 20-2612. These appear to be the proceedings Prater is attempting to remove to this Court.[3]

Prater does not clearly indicate the basis for removal of these cases to federal court.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted). Accordingly, the existence of federal defenses to a complaint generally does not support removal under § 1441 and § 1331. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). To remove a case under § 1441 and § 1332, there must be complete diversity of citizenship among the parties and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

"It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants.*" *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972). In contrast, a *plaintiff* has no right to removal. *Id.* It follows that federal courts lack jurisdiction over removals filed by plaintiffs. *Id.*

---

[3] Prater should have filed two separate Notices of Removal, one for each separate proceeding.

2

Here, it is apparent Prater is the complaining party in the civil actions she seeks to remove from state court. Because she is not a defendant in those cases, she may not remove them to federal court. The Court will therefore remand these cases to the Philadelphia Court of Common Pleas because this Court lacks subject matter jurisdiction.[4]

**CONCLUSION**

For the foregoing reasons, the Court will grant Prater leave to proceed in forma pauperis and remand these cases to the Philadelphia Court of Common Pleas.

An appropriate order follows.

BY THE COURT:

Juan R. Sanchez, C.J.

---

[4] This is not the first time Prater has been informed of this concept. *See Prater v. Grossman*, E.D. Pa. Civ. A. No. 18-1526 (ECF No. 6).

3